IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FELIPE VELASCO, <br><br> Petitioner, <br><br> v. <br><br> CRAIG KOENIG, Warden, <br><br> Respondent. | NO. SACV 20-1889-JLS (AGR) <br><br> OPINION AND ORDER ON SECOND OR SUCCESSIVE PETITION; ORDER TRANSFERRING MOTION TO NINTH CIRCUIT |

Because Petitioner previously challenged the same underlying state-court judgment in a prior habeas action that the Court dismissed with prejudice, and because Petitioner lacks Ninth Circuit authorization to file a second or successive habeas petition, the Court lacks jurisdiction over the Petition for Writ of Habeas Corpus.

**I.**

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of

California in *Velasco v. Allison*, No. SACV 12-1011-JLS (AGR) (C.D. Cal.) ("*Velasco I*").

On April 2, 2009, a Los Angeles County Superior Court jury convicted Petitioner of committing a lewd act upon a child, a lewd act upon a child under the age of 14, and eight counts of rape. The jury found true that Petitioner committed rape against more than one victim. On June 5, 2009, the trial court sentenced Petitioner to 123 years to life. On January 27, 2011, the California Court of Appeal affirmed the convictions. On April 13, 2011, the California Supreme Court summarily denied Petitioner's petition for review. *People v. Velasco*, Case No. G042281, 2011 Cal. App. Unpub. LEXIS 645, at *1-*3 (Jan. 27, 2011); Report at 2-3 (*Velasco I*, Dkt. No. 24).[1]

On June 20, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, in *Velasco I*. (Dkt. No. 1.) The magistrate judge issued a Report and Recommendation ("Report") that recommended that judgment be entered denying the petition and dismissing the action with prejudice. (*Velasco I*, Dkt. No. 24.) On March 24, 2014, the Court entered an order accepting the Report, entered judgment denying the Petition and dismissing the action with prejudice, and also denied a Certificate of Appealability. (*Id.*, Dkt. Nos. 26-28.) On March 24, 2016, the Ninth Circuit affirmed. *Velasco v. Allison*, 645 Fed. Appx. 598 (9th Cir.), *cert. denied*, 137 S. Ct. 379 (2016).

On September 28, 2020, Petitioner filed a Motion for Permission to File Attached 2254 Petition With Newly Discovered Evidence, along with a Petition for Writ of Habeas Corpus. *Velasco v. Koenig*, Case No. SACV 20-1889 JLS (AGR)

---

[1] Citations are to the page and document numbers generated by the Case Management/Electronic Case Filing ("CM/ECF") system in the header of the documents.

("*Velasco II*"). (Dkt. Nos. 1, 3.) Petitioner again challenged the same state court conviction and sentence that he previously challenged in *Velasco I*.

## II.

## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" Petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

The instant Petition is second or successive because Petitioner again challenges the same state court conviction and sentence that he previously challenged in *Velasco I*. A Petition is second or successive "if the facts underlying the claim occurred by the time of the initial petition" and "if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied Brown v. Hatton*, 139 S.Ct. 841 (2019); *see also Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Thus, the instant Petition is second or successive.

A review of the Ninth Circuit's online database indicates that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Court therefore dismisses the Petition as a second or successive Petition for which it lacks jurisdiction.

## III.
## ORDER

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Motion for Permission to File Attached 2254 Petition With Newly Discovered Evidence is transferred to the Ninth Circuit

DATED: November 1, 2020

_____
JOSEPHINE L. STATON
United States District Judge